[No. 21564-7-I.   Division One.   April 24, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD LEE
CARMICHAEL, *Appellant.*

*Patricia S. Novotny* of *Washington Appellate Defender
Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron
Fine* and *Paul Stern, Deputies,* for respondent.

PEKELIS, J.—Richard Carmichael appeals from his con-
viction for first degree escape and first degree kidnapping.
He argues that the State failed to arraign and try him in a
timely manner.

In July 1983, Richard Carmichael was incarcerated in the
Washington State Reformatory in Monroe, where he was
serving time for robbery and escape. On July 15, 1983, he
was taken to the hospital for treatment of stab wounds.
The following day, with the help of an armed accomplice,
he tied up his guard and left the hospital. The State filed a
complaint in Everett District Court on August 22, 1983,

alleging first degree escape and also issued a warrant for Carmichael's arrest.

Meanwhile, Carmichael had been arrested in Nevada on August 19, 1983, and, in connection with matters unrelated to the Washington case, charged with two counts of murder. He was convicted on both counts and given two consecutive life sentences which were to begin upon completion of any previously imposed Washington sentences.

In March of 1984, Carmichael notified the prosecutor's office in Snohomish County that he was incarcerated in the Nevada State Prison in Carson City and requested that he be returned to Washington to stand trial on the escape charge. The prosecutor denied the request.

On April 9, 1985, Washington and Nevada entered into an agreement pursuant to the Western Interstate Corrections Compact, RCW 72.70.010, whereby Carmichael would serve the remainder of his Washington sentence in Nevada, but the State of Washington would maintain jurisdiction over him.

After a potential escape incident involving Carmichael, the Nevada prison authorities requested that he be returned to the Washington State Reformatory. He arrived at Monroe on December 18, 1986, and on that same day, the Snohomish County prosecutor's office was notified of Carmichael's custody status.

On January 12, 1987, the previously filed district court complaint charging Carmichael with escape was dismissed. On May 4, 1987, the State filed an information in superior court charging Carmichael with first degree escape and first degree kidnapping. Carmichael was arraigned on May 18, 1987, at which time he duly noted his objection to the date of arraignment.

Carmichael brought a motion to dismiss based on CrR 3.3, arguing that he should have been arraigned on the initial escape charge no later than 14 days after he came under Washington's jurisdiction in April 1985. Since well over 90 days had already elapsed, he argued that CrR 3.3 had been violated and that he was entitled to dismissal.

The trial court denied Carmichael's motion. The matter proceeded to trial on December 14, where the jury convicted Carmichael on both counts.[1]

Carmichael's appeal raises only the issue of whether CrR 3.3 was violated. His principal contention is that the trial court erred by excluding the time he was incarcerated in Nevada from calculation of the speedy trial period. He argues that because the State of Washington had assumed jurisdiction over him he was amenable to process. Therefore, he concludes, he should have been arraigned within 14 days of the date he came within the jurisdiction of the State of Washington. However, the plain meaning of CrR 3.3 supports exclusion of the entire period Carmichael was incarcerated in Nevada.

CrR 3.3(g)(6) specifically excludes from calculation of the speedy trial period "[t]he time during which a defendant is detained in jail or prison *outside the State of Washington* or in a federal jail or prison". (Italics ours.) The rule refers to the location of the prisoner, not the jurisdictional status as argued by Carmichael. The court has no power to insert new provisions into a rule that is plain on its face. *State v. Kingen*, 39 Wn. App. 124, 128, 692 P.2d 215 (1984), *review denied*, 103 Wn.2d 1031 (1985). Therefore, we conclude the speedy trial period did not begin to run until Carmichael's actual return to custody in Washington on December 18, 1986.

Carmichael alternatively asserts that even if the court finds that the period of time he was incarcerated in Nevada is excludable, he should have been arraigned within 14 days of his return to the state of Washington, that is, no later than January 1, 1987. By characterizing January 1, 1987, as "the proper date of arraignment," he concludes that he should have been tried 90 days later, that is, no later than

---

[1]The trial date was originally scheduled for July 14, 1987. Carmichael does not dispute that the time period between the original trial date and the actual trial date, December 14, 1987, is excluded under CrR 3.3(g)(7) due to continuances to which Carmichael waived his speedy trial rights.

March 31, 1987. However, Carmichael neither cites any authority nor any specific portion of CrR 3.3 to support this contention.

Presumably, Carmichael is arguing that there was "inordinate delay" in bringing him to trial. However, the clear language of CrR 3.3 provides that for purposes of computation of time under the rule, "[t]ime elapsed in district court ends with . . . an . . . order of dismissal entered by the district court". CrR 3.3(c)(2)(ii). Therefore, regardless of whether there had been "an inordinate delay", the time to be counted for purposes of the speedy trial period is only the 25 days between December 18, 1986, when Carmichael arrived in the state of Washington, and January 12, 1987, when the district court charge was dismissed. *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976).

CrR 3.3(g)(4) specifically excludes from calculation of the speedy trial period the time between dismissal of the district court charge and Carmichael's arraignment in superior court. Therefore, the only time periods calculated for purposes of the speedy trial rule are the 25 days between Carmichael's return to Washington and dismissal of the district court charge and the 57 days from arraignment in superior court on the refiled charges to the originally scheduled trial date. This results in a period of 82 days, clearly within the limitations of CrR 3.3.[2]

Affirmed.

SCHOLFIELD and WINSOR, JJ., concur.

Review denied at 113 Wn.2d 1001 (1989).

---

[2] Resolution of the speedy trial issue on the initial escape charge effectively resolves any speedy trial issue on the new charges. Because the kidnapping count arose out of the same incident as the old escape charge, the speedy trial period for both began running on the same date. *See State v. Peterson*, 90 Wn.2d 423, 431, 585 P.2d 66 (1978).