[No. 57621-1.   En Banc.   February 27, 1992.]

FRIENDS OF SNOQUALMIE VALLEY, ET AL, *Appellants*, v.
KING COUNTY BOUNDARY REVIEW BOARD,
ET AL, *Respondents*.

*J. Richard Aramburu,* for appellants.

*Robert C. Kaufman,* for respondent Boundary Review Board.

*Thomas, Whittington, Anderson, Bergan, Studebaker &
Tuttle* and *Patrick B. Anderson (Peter L. Buck, Jay P. Derr,
Madeleine A.F. Brenner* and *Buck & Gordon,* of counsel), for
respondent Snoqualmie.

*Hillis Clark Martin &.Peterson, P.S.,* by *Jerome L. Hillis,
Mark C. McPherson,* and *Lynne M. Cohee,* for respondents
Weyerhaeuser Real Estate Co., et al.

*Perkins Coie,* by *Omar S. Parker, Jr.,* and *R. Gerard Lutz,*
for respondents Puget Western, Inc., et al.

GUY, J. — Friends of Snoqualmie Valley and several property owners (appellants) appeal from a superior court judgment affirming the King County Boundary Review Board's approval of an annexation by the City of Snoqualmie. The appellants claim the annexation decision failed to achieve required statutory objectives. They also contend the Boundary Review Board's action was invalid, as it failed to comply with State Environmental Policy Act of 1971 (SEPA) requirements for the exercise of substantive agency authority. Respondents Snoqualmie Ridge Associates and Weyerhaeuser Real Estate Company cross-appeal, claiming the appellants lacked standing to appeal the Board's decision to the superior court. We hold for the respondents on the cross appeal and leave undisturbed the decision of the Boundary Review Board based on the appellants' lack of standing.

## FACTS

The property concerned in this case is a large parcel of undeveloped King County land on the Lake Alice Plateau.

The land lies immediately northwest of the city of Snoqualmie. All the property is owned by the Weyerhaeuser Corporation. In 1984, Weyerhaeuser determined that because of encroaching residential development the property would be unsuitable for timber production over the coming 40-year cycle and transferred the property to the Weyerhaeuser Real Estate Company.

The Weyerhaeuser Real Estate Company formed Snoqualmie Ridge Associates in partnership with Potomac Investment Associates of Maryland, with the objective of developing the property into a mixed-use, planned community to be known as "Snoqualmie Ridge". The development plans envisioned a residential development, dispersed neighborhood retail businesses, business and office parks, two golf courses, and parks and open space.

In December 1986, Snoqualmie Ridge Associates (Associates) notified the City of Snoqualmie (the City) that it intended to petition the City to annex 2,200 acres of the property on Lake Alice Plateau. The City accepted this notice and directed Associates to begin the environmental review process and prepare a formal petition.

In March 1987, following public hearings and an environmental review, the City amended its comprehensive plan, designating a potential annexation area and subareas and adopting numerous annexation policies. The Snoqualmie Ridge area lies within the Lake Alice Plateau annexation subarea. To comply with the City's new annexation policies, Associates reduced the proposed annexation area to approximately 2,040 acres and prepared a master plan. In May 1988, the City issued a draft environmental impact statement on the proposed annexation and development, and Associates submitted its formal annexation petition and master plan. The City issued a final environmental impact statement in November 1988.

City staff then revised this master plan to incorporate mitigation measures identified in the environmental review

process. The staff presented its revised plan to the City Council and the City Planning Commission as a proposed amendment to the City's comprehensive plan, titled Subelement J.1. Over the next several months, the Planning Commission considered this plan, along with a proposal to zone the annexed area for mixed-use development. The City Planning Commission scaled back the master plan from 5,000 residential units to 3,700 units and eliminated all development that would have been visible from the Snoqualmie Falls viewing area, except a golf course.

When the matter came before the Snoqualmie City Council, the Council reduced the annexation area to 1,344 acres and further reduced the number of residential units to 2,000 in order to comply with the recently enacted King County Snoqualmie Valley Community Plan. The community plan was subject to a separate environmental review process and directed that new development in the Snoqualmie Valley take place within "rural activity centers" and adjacent "expansion areas". The plan designated the city of Snoqualmie as a rural activity center and included the Snoqualmie Ridge area within the City's expansion area. The plan approved of the annexation of 1,344 acres of Associates' land, but only on the condition that the City and Associates enter into an interlocal agreement with the County. On October 9, 1989, the City Council approved the annexation and mixed-use zoning.

Negotiations then followed over the interlocal agreement called for by the Snoqualmie Valley Community Plan. On November 17, 1989, while negotiations continued, the City filed with the King County Boundary Review Board its notice of intent to annex, as required by RCW 36.93.090.

On December 18, 1989, King County requested the King County Boundary Review Board to review the proposed annexation. RCW 36.93.100(2) allows a filing within 45

days for boundary review board review of a notice of intent to annex by "[a]ny governmental unit affected, including . . . the county within which the area of the proposed action is located". The Boundary Review Board accepted review of the annexation. Appellants, who had appeared throughout the various administrative proceedings in opposition to the annexation, also requested Boundary Review Board review pursuant to RCW 36.93.100(4) within the 45-day limit for filing requests for review. RCW 36.93.100(4) permits board review of a proposed annexation if a majority of the board concurs in a request for review by "five percent of the registered voters who deem themselves affected by the action and reside within one-quarter mile of the proposed action but not within the jurisdiction proposing the action." (None of the appellants lives within the area to be annexed, but they do live within one-quarter mile of the area. From a review of the record, it is not clear whether any of the appellants live *within* the city of Snoqualmie. If any did, this would mean they lived "within the jurisdiction proposing the action" and they would not be included among those permitted to request board review.)

On February 12, 1990, the City, King County, and Associates signed an interlocal agreement which imposed numerous restrictions and conditions on Associates' plans. The city and county councils approved the agreement.

Beginning on March 7, 1990, the Board conducted four evenings of public hearings on the annexation and, on April 12, 1990, it approved the annexation. Appellants appealed the Board's decision to the King County Superior Court, arguing that the Board lacked authority to conduct a substantive environmental review under SEPA and that the annexation did not meet the objectives set forth in RCW 36.93.180. Associates countered that appellants lacked standing to appeal the Board's decision under the boundary review statutes.

The Superior Court rejected the standing challenge brought against appellants by Associates but affirmed the Board's decision on the merits. Appellants appealed directly

to this court. Associates cross-appealed on the standing issue. This court accepted direct review pursuant to RAP 4.2(a)(4).

## ISSUES

The first contention raised by appellants is that the Board's decision was invalid because the Board made its determination without having adopted policies upon which to base substantive SEPA decisions. The second contention raised by appellants is that there is not substantial evidence that the challenged annexation meets the objectives of RCW 36.93.180. On cross appeal, Associates asserts that appellants did not have standing under RCW 36.93.160(5) to appeal the Board's decision to the superior court.

## ANALYSIS

In the cross appeal by Snoqualmie Ridge Associates, it is claimed the appellants lack standing to appeal the Boundary Review Board's decision. The standing challenge raised by Associates questions the right of appellants to pursue this appeal. Thus, analysis of this challenge is first undertaken, as it is determinative of this case.

Appellants might have appealed the decision of the Boundary Review Board through a writ of certiorari without raising any issues as to their standing to seek review of the Board's action. However, appellants chose to appeal the decision of the Boundary Review Board under RCW 36.93.160(5), an avenue of appeal which this court has previously held available only to persons who live or own property within the boundary of a proposed annexation. *Nisqually Delta Ass'n v. DuPont*, 95 Wn.2d 563, 570, 627 P.2d 956 (1981). None of the appellants currently lives or owns property within the area of the proposed annexation. We are unable, based upon the arguments raised by appellants, to overrule or modify our plain earlier holding in *Nisqually Delta*.

When a boundary review board decision is issued, it will become final unless within 10 days "a governmental unit affected by the decision *or any person owning real property*

*or residing in the area affected by the decision* files in the superior court a notice of appeal." (Italics ours.) RCW 36.93.160(5). The term "area affected" has not been defined by the Legislature. *Nisqually Delta*, 95 Wn.2d at 568. An appeal under this provision automatically stays the decision of the board:

> *The filing of such notice of appeal within such time limit shall stay the effective date of the decision of the board until such time as the appeal shall have been adjudicated or withdrawn.* On appeal the superior court shall not take any evidence other than that contained in the record of the hearing before the board.

(Italics ours.) RCW 36.93.160(5). This clause providing for automatic stay of a board's decision makes appeals filed under subsection (5) more attractive than another avenue of review which lacks a stay provision but does restrict those to whom it is available.

In its cross appeal, Associates contends that appellants do not have standing under RCW 36.93.160(5) to appeal a decision of the Boundary Review Board. Associates argues that appellants are not included in the statutory description of "*any person owning real property or residing in the area affected by the decision*" (italics ours) because the appellants do not reside or own real property within the area to be annexed, citing this court's decision in *Nisqually Delta Ass'n v. DuPont, supra.* Under that decision, standing for appeals under RCW 36.93.160(5) was held to be reserved exclusively to persons living in or owning property in the area to be annexed. *Nisqually Delta*, 95 Wn.2d at 568-71.

In *Nisqually Delta*, residents living outside an area to be annexed (area affected) appealed a review board's decision approving an annexation. This court concluded that those appellants lacked standing to invoke the statutory appellate remedy of RCW 36.93.160(5) because persons living outside the area to be annexed were not included in the statute's designation of "any person owning real property or residing in the *area affected* by the decision". (Italics ours.) This court held that the "area affected by the decision" exclu-

sively referred to the confines of the area being considered for annexation. We noted in *Nisqually Delta* that the appellants *would* have had standing to seek review by a writ of certiorari, but we declined to treat the action as a writ. This refusal was premised upon the appellants deliberately avoiding judicial review by writ, having opted for appeal under RCW 36.93.160(5) as a tactical decision in order to obtain an automatic stay of Board action.

Appellants in this case concede they do not reside or own real property in the area to be annexed. They contend that since this court's 1981 *Nisqually Delta* decision, the Legislature has amended the boundary review board statute. They claim that because of this amendment, the same reasoning which denied standing in *Nisqually Delta* calls for an acknowledgment of standing in this case. Specifically, appellants argue that changes in RCW 36.93.100(4) provide a basis for this court to change its interpretation of RCW 36.93.160(5).

Appellants do not dispute they live outside the area to be annexed and state they intentionally sought review of the Board's decision under the statute, rather than by writ, in order to obtain a stay of the Board's action. They contend, however, that because the Legislature has expanded the list of entities which may seek board review of a proposed annexation, the reasoning from the *Nisqually Delta* decision, which would have barred their appeal in 1981, now supports the conclusion that they do have standing. Appellants submit that amended RCW 36.93.100(4) allows them to seek review of a Board decision as they are comprised of 5 percent of the registered voters who live within one-quarter mile of the area proposed for annexation and who deem themselves affected by the action. RCW 36.93.100 states in pertinent part:

> The board shall *review* and approve, disapprove, or modify any of the actions set forth in RCW 36.93.090 when any of the following shall occur within forty-five days of the filing of a notice of intention:
>
> . . . .

(4) The majority of the members of boundary review boards concur with a request for review *when a petition requesting the review is filed by five percent of the registered voters who deem themselves affected by the action and reside within one-quarter mile of the proposed action but not within the jurisdiction proposing the action.*

(Italics ours.) *See* Laws of 1987, ch. 477, § 3.

Based on these arguments, appellants ask this court to accept as an expanded definition of the term "area affected" one broader than that arrived at in *Nisqually Delta.* This expansion would require us to determine that the Legislature's amendments to RCW 36.93.100 subsequent to the *Nisqually Delta* decision had effected an implied amendment to RCW 36.93.160(5) as already interpreted by this court.

We must refuse the appellants' invitation to modify or overrule our decision in *Nisqually Delta.* While the Legislature changed RCW 36.93.100 in 1987 to expand the class of persons who could seek boundary review board review, it did *not* take the opportunity to expand the class of those parties who under RCW 36.93.160(5) may obtain judicial review. Thus, for a petitioner to obtain the extraordinary relief of an automatic stay of action under RCW 36.93-.160(5), it must be clear and unequivocal that the Legislature intended this policy. That could have been accomplished by the Legislature amending the specific section in question or making clear that parties such as appellants were included within the parties permitted to a stay of action upon appeal under RCW 36.93.160(5). Without clear legislative intent excepting this category of petitioners from our previously announced rule, we cannot on this record overrule *Nisqually Delta.* The Legislature in 1987 left RCW 36.93.160(5) undisturbed in the face of this court's decision in *Nisqually Delta.* The Legislature is presumed to be aware of judicial interpretation of its enactments. *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 887, 652 P.2d 948 (1982). We therefore conclude that if the Legislature wished to grant standing and an automatic stay under RCW 36.93-.160(5) to persons outside of areas to be annexed, it would

have expressly amended the language of the relevant section rather than leave it unchanged. Because the statutory language of RCW 36.93.160(5) has remained unchanged since the time of this court's decision in *Nisqually Delta*, we are not persuaded that we should overrule clear precedent of this court interpreting the same statutory language. While the appellants might have sought review by writ and had standing, we decline to treat this appeal as a writ for the same reasons we gave in *Nisqually Delta*.

Given our conclusion that the appellants lacked standing to appeal the Boundary Review Board decision approving the annexation in question, we do not address the issues raised by appellants in their appeal. In rejecting this appeal, we do not impliedly decide the merits. We leave unaddressed the questions of whether the King County Boundary Review Board must adopt SEPA policies upon which to base its exercise of substantive SEPA authority, or whether there was substantial evidence that this annexation meets the objectives of RCW 36.93.180.

## CONCLUSION

■ In accordance with our decision in *Nisqually Delta Ass'n v. DuPont*, 95 Wn.2d 563, 627 P.2d 956 (1981), we hold that for purposes of RCW 36.93.160(5), which provides that the decision of a boundary review board may be appealed by persons owning property in or residing in the area affected, the term "area affected" in the case of a proposed annexation is the tract to be annexed. We sustain the judgment of the Superior Court on the basis that appellants lack standing.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and JOHNSON, JJ., concur.