919 P.2d 589 (1996)
129 Wash.2d 572
Janet DAILEY and Gregory Dailey, wife and husband, Respondents,
v.
NORTH COAST LIFE INSURANCE COMPANY, Chester R. Ogden, Dolores J. Dressel, and Laurence G. Egger, Petitioners.
No. 63533-1.
Supreme Court of Washington, En Banc.
Argued March 28, 1996.
Decided July 25, 1996.
*590 Randall & Danskin, P.S., Carole L. Rolando, and Richard C. Dietz, Robert T. Carter, Spokane, for Petitioners.
Mary E. Schultz, Spokane, for Respondents.
Mary F. Roberts, Marilyn J. Endriss, Seattle, Amicus Curiae, Washington Employment Lawyers Association.
Miller, Nash, Wiener, Hager & Carlsen, James R. Dickens, Francis L. Van Dusen, Jr., and Susan K. Stahlfeld, Seattle, Amicus Curiae, Washington Defense Trial Lawyers.
Debra L. Stephens, Bryan Harnetiaux, Spokane, Amicus Curiae, for Washington Trial Lawyers Association.
DOLLIVER, Justice.
Since its earliest decisions, this court has consistently disapproved punitive damages as contrary to public policy. See Spokane Truck & Dray Co. v. Hoefer, 2 Wash. 45, 50-56, 25 P. 1072 (1891). Punitive damages not only impose on the defendant a penalty generally reserved for criminal sanctions, but also award the plaintiff with a windfall beyond full compensation. See Kadoranian v. Bellingham Police Dep't, 119 Wash.2d 178, 188, 829 P.2d 1061 (1992). Particularly in the case of workplace discrimination, the Legislature has assured a plaintiff may "become whole" through a full panoply of compensatory damages. See Barr v. Interbay Citizens Bank, 96 Wash.2d 692, 699-700, 635 P.2d 441, amended by 96 Wash.2d 692, 649 P.2d 827 (1982). Nevertheless, Plaintiffs in the present case have asked the court to endorse the trial court's tortuous path through three statutes to find a sufficient expression of legislative intent for punitive damages in employment discrimination claims. We instead hold punitive damages are unavailable under the Law Against Discrimination (LAD), RCW 49.60.
On March 16, 1990, Defendant North Coast Life Insurance Co. terminated Plaintiff Julie Dailey's employment. Dailey and co-Plaintiff Gregory Dailey filed a wrongful termination claim that included an allegation of sex discrimination in violation of the LAD and specifically sought punitive damages. Both parties moved for partial summary judgment on the availability of punitive damages under the LAD.
The trial court granted Plaintiffs' motion, concluding RCW 49.60.030(2) both permitted punitive damages in an employment discrimination action and operated retrospectively. Defendants appealed. At the request of the Court of Appeals, the Supreme Court accepted certification of the case. We now reverse.
Governing resolution of this case is the court's long-standing rule prohibiting punitive damages without express legislative authorization. See, e.g., Barr, 96 Wash.2d at *591 699-700, 635 P.2d 441; Spokane Truck, 2 Wash. at 50-56, 25 P. 1072. The trial court determined the LAD, RCW 49.60.30(2), expressly authorized punitive damages by incorporating that federal remedy by reference to the United States Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1). See Mackay v. Acorn Custom Cabinetry, Inc., 127 Wash.2d 302, 316, 898 P.2d 284 (1995) (Madsen, J., dissenting) (noting RCW 49.60.030(2) does not authorize punitive damages under state law). While we do not fault the trial court's analytic framework, we find the statutory authority too ambiguous and attenuated to suffice as express.
Since 1973, the Legislature has authorized private equitable and compensatory relief under the LAD:
to enjoin further violations, to recover the actual damages sustained by him, or both, together with the cost of suit including a reasonable attorney's fees or any other remedy authorized by this chapter or the United States Civil Rights Act of 1964....
Former RCW 49.60.030(2). In 1993, the Legislature acknowledged the Civil Rights Act of 1991 by amending RCW 49.60.030(2) to "any other remedy authorized by this chapter or the United States Civil Rights Act of 1964 as amended." (Italics ours.) RCW 49.60.030(2).
The Civil Rights Act of 1964 provided private remedies for employment discrimination in Title VII, historically authorizing only equitable relief. By the Civil Rights Act of 1991, Congress amended the 1964 Act to allow greater trial costs, including expert fees. 42 U.S.C. § 2000e-5(k); see Xieng v. Peoples Nat'l Bank, 120 Wash.2d 512, 528, 844 P.2d 389 (1993). The 1991 Act also amended 42 U.S.C. § 1981a, known as the Revised Statutes, to permit compensatory and punitive damages in an action for intentional employment discrimination:
provided that the complaining party cannot recover under section 1981 of [the Revised Statutes (42 U.S.C. § 1981)], the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.
42 U.S.C. § 1981a(a)(1).
Ambiguities cloud the relation between 42 U.S.C. § 1981a(a)(1) and RCW 49.60.030(2) to preclude characterization of their link as an express authorization for punitive damages. First, the structure of the language in RCW 49.60.030(2) arguably evinces an intent to incorporate only federal remedies qualifying as "costs." While the trial court read the provision as: "to recover the actual damages... together with ... any other remedy...," we might reasonably read the term "including" as restrictive: "the cost of suit including ... any other remedy...." Under the latter interpretation, punitive damages simply would fall outside the scope of the incorporation provision. We need not choose between these alternative meanings, however, to decide the resultant ambiguity cannot overcome Washington's policy against punitive damages.
We find equally disturbing the relation between the provision of punitive damages in the Civil Rights Act of 1991 and the Civil Rights Act of 1964. RCW 49.60.030(2) explicitly incorporates only the 1964 Act as amended, but whether the 1991 Act actually constitutes an amendment to the 1964 Act is unclear. The Civil Rights Act of 1991 did not directly amend Title VII to permit punitive damages, but rather amended the Revised Statutes, 42 U.S.C. § 1981a. Indeed, the amendment explicitly describes compensatory and punitive damages "in addition to" remedies available under the 1964 Act. 42 U.S.C. § 1981a(a)(1). An implied incorporation of the 1991 Act does not meet our standard for express authorization.
The trial court found controlling this court's prior analysis of the interplay between RCW 49.60.030(2) and the 1991 Act in Xieng, 120 Wash.2d 512, 844 P.2d 389. Analyzing the scope of the incorporation of federal remedies by reference, Xieng held express legislative authorization for expert witness fees under the LAD lies in the explicit expert witness fee provision of the Civil Rights Act of 1991. Xieng, 120 Wash.2d at 528, 844 P.2d 389; RCW 49.60.030(2); 42 U.S.C. § 2000e-5(k). The trial court concluded Xieng compelled *592 incorporation of all federal relief provided in the 1991 Act.
We reaffirm and distinguish Xieng. Both the nature of the remedy and the relevant statutory authority in Xieng differ from the present case. Certainly expert witness fees have not received the extreme resistance and condemnation as punitive damages. See Spokane Truck, 2 Wash. at 50-56, 25 P. 1072. Unlike the punitive damages provision, the expert witness fee provision contains an explicit amendment to the 1964 Civil Rights Act. 42 U.S.C. § 2000e-5(k). Moreover, the presence of the explicit amendatory language in 42 U.S.C. § 2000e-5(k) reinforces our concern for the lack of an equally explicit amendment to the 1964 Act in 42 U.S.C. § 1981a(a)(1). At the same time, the incorporation of expert witness fees in Xieng is consistent with an interpretation of RCW 49.60.030(2) as limiting the incorporation of federal remedies to costs of suit. See Xieng, 120 Wash.2d at 528, 844 P.2d 389.
Where the Legislature has intended the exceptional relief of punitive damages, the statute has contained an explicit authorization. See RCW 9.73.230(11); RCW 19.86.090. The Legislature here, presumably aware of Congress' decision to allow punitive damages in the 1991 Civil Rights Act, had the opportunity to follow suit in its 1993 amendments to the LAD. If the Legislature intended to make punitive damages available for employment discrimination under the LAD, it would have unambiguously so provided.
We observe that even if the LAD permitted punitive damages for employment discrimination generally, that relief would remain unavailable in the present case. The Civil Rights Act, the only potential authorization for punitive damages under the LAD, did not permit that relief until 1991. Plaintiffs' claim concerns conduct prior to 1991. The United States Supreme Court has determined punitive damages under the Civil Rights Act of 1991 operate prospectively only. Landgraf v. USI Film Prods., 511 U.S. 244, ___, 114 S.Ct. 1483, 1496, 128 L.Ed.2d 229 (1994). Nor could the provision of punitive damages, a penalty and a new right of action qualify as a remedial amendment to permit a presumption of retroactivity. Agency Budget Corp. v. Washington Ins. Guar. Ass'n, 93 Wash.2d 416, 425-26, 610 P.2d 361 (1980); Johnston v. Beneficial Management Corp., 85 Wash.2d 637, 640-41, 538 P.2d 510 (1975); see Landgraf, 511 U.S. at ___, 114 S.Ct. at 1506-07. Retrospective punitive damages thus could not constitute a "remedy available" under the Civil Rights Act. See RCW 49.60.030(2); McGinnis v. Kentucky Fried Chicken, 51 F.3d 805, 807-08 (9th Cir.1994).
DURHAM, C.J., and SMITH, GUY and MADSEN, JJ., concur.
TALMADGE, Justice (concurring).
The principal issue in this case is whether the Legislature intended by its 1993 amendments to RCW 49.60, our Law Against Discrimination, to incorporate the remedy of exemplary damages allowed in federal civil rights actions. Although I agree with the majority that the trial court erred in granting summary judgment for Ms. Dailey in this case, I disagree with the majority's analysis on exemplary damages under RCW 49.60.030(2), and therefore write separately.
A. Federal Law
Prior to 1991, a successful federal civil rights plaintiff generally could not recover exemplary damages. See 42 U.S.C. § 2000e-5. In the 1991 Civil Rights Act, Congress included a new statutory section, 42 U.S.C. § 1981a, which provides:
In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5, 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. §§ 2000e-2, 2000e-3], and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section *593 706(g) of the Civil Rights Act of 1964, from the respondent.
Under the terms of the statute, a successful litigant under the Civil Rights Act of 1964 can recover exemplary damages.
The majority determines the 1991 Civil Rights Act may not have amended the 1964 Civil Rights Act, majority op. at 5, based on an argument first raised by amicus Washington Defense Trial Lawyers Association that 42 U.S.C. § 1981a is a separate section and does not actually amend the text of the Civil Rights Act of 1964. This hypertechnical argument ignores the plain language of 42 U.S.C. § 1981a(a)(1) allowing exemplary damages in "an action brought by a complaining party under § 706 or 717 of the Civil Rights Act of 1964 ..."
Moreover, there is no federal authority supporting the position advanced by the majority and the Washington Defense Trial Lawyers Association. In McGinnis v. Kentucky Fried Chicken, 42 F.3d 1273 (9th Cir.), amended and superseded by 51 F.3d 805 (9th Cir.1994), the United States Court of Appeals for the Ninth Circuit specifically held punitive damages are allowed under the Civil Rights Act of 1964 as amended by the 1991 Civil Rights Act: "Punitive damages are authorized by that statute today." Id. at 807. The United States Supreme Court in Landgraf v. U.S.I. Film Prods., 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) similarly held exemplary punitive damages were available under the Civil Rights Act of 1964. As interpreted by the federal courts, successful federal civil rights claimants may recover exemplary damages under the 1964 Civil Rights Act, as amended by the 1991 legislation, as a means of enforcing federal antidiscrimination law.
B. Washington Law
In 1993, the Washington Legislature adopted amendments to RCW 49.60.030(2) relating to private actions under RCW 49.60, allowing a party to seek:
to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 as amended, ...
Laws of 1993, ch. 69, § 1; Laws of 1993, ch. 510, § 3(2) (emphasis added.) The "as amended" language was adopted in two separate legislative enactments by the 1993 Legislature, ch. 69, Laws of 1993, § 1 and ch. 510, Laws of 1993, § 3(2). The Legislature reenacted RCW 49.60.030(2) in its present form combining the disparate amendments to RCW 49.60.030 in Ch. 135, Laws of 1995, § 3. Thus, on three separate occasions in 1993 and 1995, the Legislature adopted legislative language incorporating into RCW 49.60 remedies authorized by the 1991 amendment to the Civil Rights Act of 1964.
Notwithstanding this statutory language, the majority finds exemplary damages are unavailable to claimants under RCW 49.60.030 because of Washington's strong public policy against punitive damages. Barr v. Interbay Citizens Bank, 96 Wash.2d 692, 635 P.2d 441, amended, 96 Wash.2d 692, 649 P.2d 827 (1982). The majority asserts exemplary damages are unavailable under Washington law in the absence of express statutory authorization. By this, the majority seems to mean the Legislature must use the specific words "punitive damages." This argument is too literal and ignores the clear direction of RCW 49.60.030 and the legislative history of the state and federal enactments.
By 1995, when the Legislature again amended RCW 49.60.030(2), the Legislature had the benefit of the decisions in Landgraf and McGinnis. In McGinnis, the Ninth Circuit held exemplary damages are available to successful claimants under RCW 49.60 because RCW 49.60.030(2) incorporated federal remedies and the Civil Rights Act of 1964, as amended in 1991, permitted successful claimants to recover exemplary damages. Nor was the Legislature ignorant of the nature of its own actions. As we have stated:
The Legislature is presumed to be aware of judicial interpretation of its statutes. Friends of Snoqualmie Valley v. King County Boundary Review Bd., 118 Wash.2d 488, 496, 825 P.2d 300 (1992).

*594 Another principle of statutory construction [is that] "Legislative silence regarding the construed portion of the statute in a subsequent amendment creates a presumption of acquiescence in that construction." Baker v. Leonard, 120 Wash.2d 538, 545, 843 P.2d 1050 (1993).
State v. Ritchie, 126 Wash.2d 388, 393, 894 P.2d 1308 (1995). See also State v. Young, 125 Wash.2d 688, 696, 888 P.2d 142 (1995); In re King County Foreclosure of Liens, 117 Wash.2d 77, 86, 811 P.2d 945 (1991) (the Legislature is presumed to know existing case law in areas in which it is legislating). The Legislature had to know it was incorporating the federal remedy of punitive damages into RCW 49.60.
By adopting the "as amended" language in 1993 and 1995, the Legislature intended to incorporate federal remedies in RCW 49.60. But the majority's interpretation of RCW 49.60.030(2) renders virtually meaningless the Legislature's intent. RCW 49.60.030(2) specifically mentions injunctive relief, and recovery of actual damages, costs and a reasonable attorney fee. We have already allowed expert witness fees as a cost of litigation. Xieng v. Peoples Nat'l Bank, 120 Wash.2d 512, 528, 844 P.2d 389 (1993). The reference to federal law remedies must be intended to expand upon the already mentioned remedies. However, beyond injunctive relief, compensatory damages, costs and attorney fees, nothing of substance is left but the punitive damages added to federal law in 1991. The Legislature clearly understood it was adopting exemplary damages as part of Washington's antidiscrimination law when it amended RCW 49.60.030(2) in 1993 and 1995.
C. Retroactive Application of the 1993 Amendments
The final question relates to retroactive application of RCW 49.60.030(2) in Ms. Dailey's case. All parties in this case agree Julie Dailey's cause of action under RCW 49.60 arose at the time of her wrongful termination on March 16, 1990, and had she pursued a cause of action under federal law she could not have recovered exemplary damages.
In Landgraf, a former employee brought an action alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. The United States Supreme Court held the provisions of the 1991 Civil Rights Act, including 42 U.S.C. § 1981a, do not apply to a case pending on appeal when the statute was enacted, and had prospective effect only. The Court declined to apply the 1991 amendments retroactively unless Congress made clear such an intent. The Court found no such clear Congressional intent for retroactive application of the 1991 amendments. Landgraf, 511 U.S. at ___, 114 S.Ct. at 1505.
Counsel for Ms. Dailey argues the amendments to RCW 49.60.030(2) must be applied retroactively because they are remedial in nature. I disagree. Because the Legislature adopted a federal remedy, we are obliged to construe the federal remedy in accordance with Congressional intent as understood by the federal courts. Xieng, 120 Wash.2d at 528-29, 844 P.2d 389. The United States Supreme Court in Landgraf determined the 1991 amendments to the Civil Rights Act of 1964 providing for compensatory and punitive damages could not be retroactively applied. If Ms. Dailey may not recover exemplary damages under federal law, she may not recover exemplary damages under RCW 49.60.030(2), as amended.
JOHNSON, ALEXANDER and SANDERS, JJ., concur.