[No. 9783-4-II.   Division Two.   June 30, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARENCE LESTER LEE, *Appellant.*

*Clayton R. Dickinson,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Kathleen Proctor, Deputy,* for respondent.

PETRICH, J.—The defendant, Clarence Lester Lee, appeals his conviction of theft in the first degree. This appeal challenges the trial court's denial of Lee's motion to dismiss based upon an alleged violation of the speedy trial rule, CrR 3.3. The dispositive issue is whether a defendant who absents himself from the state is amenable to process during his absence so as to invoke the rule in *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). The *Striker* rule requires the CrR 3.3 time frame, within which the defendant must be tried, to be calculated from the date of filing the information rather than from the date of arraignment when there is a delay, not contemplated by the rule, between filing the information and arraignment. We conclude that a defendant who absents himself from the state is not amenable to process during his absence. Therefore, the rule in *State v. Striker, supra,* is not invoked and the date for trial is calculated from the arraignment date. Here, there was no violation of CrR 3.3. Accordingly, we affirm.

The information dated March 18, 1985, charging the defendant with first degree theft, was filed in Tacoma, Pierce County, on March 21, 1985. A warrant for Lee's arrest listed the defendant's address as 1228 N.E. Failing

Rd., Portland, Oregon. The Tacoma Police Department did not attempt to arrange service on Lee in Oregon. On October 29, 1985, Lee was arrested in Fresno, California, and held for extradition to Washington. Lee waived extradition on November 7, 1985, and was transported to Pierce County. Lee was arraigned and entered a plea of not guilty on November 8, 1985. Lee posted bond and was released from custody. A trial date was set for January 28, 1986, within 90 days of arraignment.

In mid–January, the defendant filed a motion to dismiss, alleging that because the Tacoma Police did not attempt to have him arrested in Oregon, the time for arraignment and trial started running from the date of the filing of the information. A hearing was held on February 10, 1986, on the defense motion to dismiss for failure to satisfy the speedy trial requirements of CrR 3.3.

The court found that Lee was an out–of–state resident who spent an extremely limited amount of time in Washington from March to October of 1985. The court concluded that there was no unreasonable delay from the time of obtaining the warrant until the defendant's arraignment. The motion was denied.

The case was tried to the bench on February 19, 1986. Lee was found guilty.

Lee contends that because the police knew his address in Oregon and made no attempt to have the warrant served on him in Oregon, an 8–month delay from the time of the issuance of the warrant and his arrest was unjustified. We disagree.

■ CrR 3.3(c)(1) governs the time for arraignment and for trial. The rule specifies that if matters are filed directly in superior court, the 60– or 90–day period during which the defendant must be brought to trial commences on the date of arraignment. However, "where, contrary to the expectation . . . a delay [contrary to the rule] has occurred between the filing of the information and the bringing of

the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed." *State v. Striker,* 87 Wn.2d at 875. However, this rule applies only if the defendant is amenable to process after the information has been filed. *Striker,* 87 Wn.2d at 877. "Amenable to process" has been defined as "liable or subject to the law." *State v. Carpenter,* 94 Wn.2d 690, 693, 619 P.2d 697 (1980).

One is not amenable to process when, even if he can be found, he is not subject to the law because the courts cannot obtain jurisdiction over him. *Steve Tyrell Prods., Inc. v. Ray,* 674 S.W.2d 430 (Tex. Ct. App. 1984).

A warrant of arrest has no validity beyond the borders of the state by whose authority it was issued. 5 Am. Jur. 2d *Arrest* § 20; *Street v. Cherba,* 662 F.2d 1037 (4th Cir. 1981); *Accord, Irwin v. Department of Motor Vehicles,* 10 Wn. App. 369, 371, 517 P.2d 619 (1974), wherein the court stated:

> As a general rule, a peace officer has no official power to arrest beyond the territorial boundary of the state, city, county, or bailiwick for which he is elected or appointed.

(Citations omitted.) Another state may give effect to a Washington warrant through the provisions of the Uniform Criminal Extradition Act, RCW 10.88, but, Washington has no "power" over the out–of–state defendant until extradition procedures are completed. During the period Lee remained outside the state of Washington he was not amenable to process issued by the authorities of this state because he was not then subject to its laws.

Although there was a substantial delay between the filing of the information and the arraignment, the defendant was not amenable to process during virtually all of that period of delay and the rule in *Striker* does not apply. The trial court properly calculated Lee's trial date from the date of his arraignment. The motion to dismiss was properly denied.

Judgment affirmed.

REED, C.J., and WORSWICK, J., concur.

Reconsideration denied August 24, 1987.