[No. 32467-5-I.   Division One.   September 5, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS MERLE HUDSON, *Appellant*.

*Matthew R. Miller of Washington Appellate Defender Association*; and *Nielsen & Acosta*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Kenneth A. Schiffler, Deputy*, for respondent.

GROSSE, J. — ■ Thomas Merle Hudson challenges the superior court's determination that his speedy trial rights were not violated. The court found the State used due diligence in bringing him to court for arraignment after a nineteen-month delay between the filing of the charges and his arraignment. We reject Hudson's challenge and affirm on the argued alternative ground that Hudson was not amenable to process.[1] Hudson lived in Arizona during the relevant time period. This fact rendered him "not amenable"

---

[1]This court can affirm the decision of the trial court on an alternate theory which was argued to it. *See Tropiano v. City of Tacoma*, 105 Wn.2d 873, 876, 718 P.2d 801 (1986).

to process, thus tolling the speedy trial period under the court rules and the rule of *State v. Striker*.[2]

Hudson was arrested in December of 1989 for possession of a controlled substance with the intent to manufacture or deliver. He and another person allegedly transported fifty-four pounds of marijuana from Arizona to Washington. Charges were not immediately filed and he was released from jail without restrictions.

In June of 1990, and before charges were filed in the matter, the Snohomish County Prosecutor's office received a letter from Hudson informing it of his new address in Arizona and stating that he was employed there. He wrote that he could be "subpoenaed" at the Arizona address listed and that when he received it he would appear on the required date. Apparently assuming that Hudson was a witness because of his use of the word "subpoena," someone in the prosecutor's office returned the letter to Hudson with an inquiry as to the identity of the defendant and the specific court in which the action was filed. Hudson did not respond. The State has conceded that had Hudson's name been run through its case control computer system his name would have appeared showing him as a suspect in an uncharged case.

In August of 1990, the prosecutor filed the information. A summons was sent to Hudson at his "last known address" in Yelm, Washington. The letter was returned undeliverable. He did not appear at the scheduled arraignment and the court issued a warrant for his arrest. In 1992, Hudson was stopped for a traffic violation in Arizona. A warrant check showed the Washington warrant. He was arrested and extradited to Snohomish County. He was booked into the jail on March 17, 1992 and arraigned on March 18, 1992. He timely filed an objection to the arraignment date pursuant to CrR 4.1 and 3.3.

■ Our Supreme Court has stated that "where, contrary to the expectation expressed in the rules, a delay

[2]87 Wn.2d 870, 875, 557 P.2d 847 (1976).

has occurred between the filing of the information and the bringing of the accused before the court, CrR 3.3 must be deemed to operate from the time the information is filed." *State v. Striker*, 87 Wn.2d 870, 875, 557 P.2d 847 (1976). After *Striker*, the Supreme Court recognized that the first of four questions to be asked before *Striker* applies is "[w]as defendant amenable to process?" *State v. Carpenter*.[3] Relying on the *Oxford Dictionary* (1888) and *Webster's Third New International Dictionary* (1961), the court indicated that "amenable to process" meant "liable or subject to the law."[4] This court has held that because Washington courts have no jurisdiction over out-of-state defendants, and because Washington peace officers have no authority to arrest a defendant beyond Washington's borders, a defendant residing out-of-state is not "liable or subject to [Washington] law"; in other words, not amenable to process.[5]

In the event a defendant *is* amenable to process, and there is a long delay between charging and arraignment, that delay may not be counted in the calculation of the speedy trial period, if the State exercised due diligence and good faith in attempting to obtain the defendant's presence.[6] In those cases where a defendant *is not* amenable to process and there is a substantial delay between the filing of the information and the arraignment, the period the defendant resided out-of-state is not calculated into his speedy trial period and the *Striker* rule does not apply.[7]

While the trial court decided the present case on the

---

[3] 94 Wn.2d 690, 693-94, 619 P.2d 697 (1980).

[4] *See Carpenter*, 94 Wn.2d at 693. *Carpenter* was decided on other grounds.

[5] *See State v. Lee*, 48 Wn. App. 322, 325, 738 P.2d 1081 (1987) (Lee resided in Oregon, the prosecutor knew his address but failed to send any notice of the pending arraignment); *see also Seattle v. Henderson*, 67 Wn. App. 369, 374, 841 P.2d 761 (1992) (citing *Blacks Law Dictionary* 74, 1084-85 (5th ed. 1979)); *State v. Hunnel*, 52 Wn. App. 380, 383-84, 760 P.2d 947 (1988) (citing *Lee* with approval).

[6] *State v. Williams*, 74 Wn. App. 600, 603, 875 P.2d 1222 (1994).

[7] *Lee*, 48 Wn. App. at 325; *Hunnel*, 52 Wn. App. at 383-84.

basis that the prosecutor exercised due diligence, we decline to do so. These are difficult facts on which to find due diligence and the alternative basis was argued to the trial court. In utilizing this alternative, we avoid the question invited by the decision in *State v. Anderson*, 121 Wn.2d 852, 855 P.2d 671 (1993), as to when an out-of-state defendant may nevertheless be subject to Washington process because of circumstances.[8] In *Anderson* a defendant was incarcerated in another state but subject to use of an interstate detainer. Here, the question is whether Hudson was "amenable to process."

Hudson resided out of state and was not amenable to process. Although there may be some question about his "absence and unavailability" in juxtaposition to the diligence of the State in notifying him of the arraignment date, that question is of no moment because the deciding factor is that he was not amenable to process.

The *Striker* rule does not apply, and Hudson was properly arraigned.

The decision of the trial court in rejecting Hudson's motion for dismissal is affirmed.

KENNEDY, A.C.J., and AGID, J., concur.

Review granted at 128 Wn.2d 1024 (1996).

---

[8]*Anderson*, 121 Wn.2d at 863-65 (due diligence required States effort to use an interstate detainer to acquire jurisdiction over a defendant incarcerated in another state).