[Nos. 33086-1-I; 34582-6-I. Division One. October 30, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. PABLO
CINTRON-CARTEGENA, *Appellant*.

*Jeanette Brinster* of *Northwest Defenders Association*;
and *Mark V. Watanabe*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Brenda L. Bannon, Deputy,* for respondent.

KENNEDY, A.C.J. — Pablo Cintron-Cartegena appeals his convictions of first degree statutory rape and indecent liberties, arguing that the sixteen-month delay between the filing of the charges and his arraignment violated the *Striker*[1] rule and his right to a speedy trial under CrR 3.3. We hold that Cintron was not amenable to process while he resided out of state and out of custody, so that *Striker* does not apply.[2]

## FACTS

While residing in Seattle during October through December 1983, Cintron sexually abused the five-year-old daughter of his host-family. Cintron then returned to his native Puerto Rico. Seven years later, the child disclosed the abuse to her parents and it was reported to the police. On August 30, 1991, the State charged Cintron in an at-large information with first degree statutory rape and indecent liberties. An arrest warrant was issued that same day, authorizing extradition from anywhere in the United States, including Alaska and Hawaii.[3]

In early September 1991, in an effort to notify Cintron of the arraignment date, the prosecutor sent a letter to Cintron using an incomplete version of a Puerto Rican street address which the host-family had obtained. The

---

[1]*State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976).

[2]Cintron raises additional claims which we treat in the unpublished portion of this opinion.

[3]Puerto Rico has adopted the Uniform Extradition Act. *See* Ch. 10.88 RCW.

letter was returned marked insufficient address. No further efforts to notify Cintron of the pending charges were made. In early 1993, Cintron was arrested in Florida and extradited to Washington. He was arraigned on March 3, 1993, some sixteen months after he was charged. Cintron objected to the arraignment date.

The charges proceeded to trial in May 1993. Cintron moved to dismiss the charges on *Striker* grounds. The trial court denied the motion. The jury returned guilty verdicts on both charges. This timely appeal followed.

## DISCUSSION

### I

#### AMENABILITY TO PROCESS; DUE DILIGENCE

In rejecting Cintron's *Striker* motion, the trial court relied on *State v. Lee*, 48 Wn. App. 322, 738 P.2d 1081 (1987), ruling that Cintron was not amenable to process while he resided outside the State of Washington and that the delay between charging and arraignment should be excluded from the CrR 3.3 speedy trial period.

CrR 3.3(c)(1) requires the State to arraign a defendant within fourteen days after his or her first appearance in court which next follows the filing of an information. CrR 3.3 does not address periods of delay between charging and the first court appearance, but CrR 4.1(a) requires the defendant to be arraigned promptly after the information is filed and CrR 2.2 authorizes the court to direct the clerk to issue a warrant or summons when the information is filed. In *State v. Striker*, 87 Wn.2d 870, 871, 876, 557 P.2d 847 (1976), the supreme court observed that these rules, taken together, contemplate that if the information is filed before the accused is arrested, the accused will be promptly brought before the court *if he or she is amenable to process*. If the defendant is amenable to process but through no fault or connivance of his or her own a long delay occurs between the filing of the information and the time the defendant is brought before the court, the CrR

3.3 speedy trial period will start to run when the information is filed, rather than when the defendant is brought to answer before the court. *Striker*, 87 Wn.2d at 875, 877.

 *Striker* does not apply unless the defendant was amenable to process, i.e., liable or subject to law. *See State v. Carpenter*, 94 Wn.2d 690, 693-94, 619 P.2d 697 (1980) (the first of four questions to be asked before *Striker* applies is, was the defendant amenable to process, i.e., liable or subject to law).[4] *See also State v. Greenwood*, 120 Wn.2d 585, 595, 845 P.2d 971 (1993) (*Striker* rule continues to apply to amended CrR 3.3).

Although another state may hold a defendant through the provisions of the Uniform Criminal Extradition Act, Ch. 10.88 RCW, a warrant of arrest has no independent validity beyond the borders of the state by whose authority it is issued. *See State v. Lee*, 48 Wn. App. at 325 and authorities cited therein; *see also* CrR 2.2(d)(1), (2) (warrants shall be directed to all peace officers in the state and shall be executed only by a peace officer; summonses may be served any place within state, either by personal service by a peace officer or by mail); CrR 2.2(b)(4) (if defendant fails to appear in response to summons or if summons not served within a reasonable time, warrant for arrest may issue).

A line of cases arising out of former CrR 3.3(f)[5] holds that periods of delay between charging and arraignment during which the defendant was absent and unavailable for trial will be excluded from the time for trial calculation, if but only if the prosecution exercised good faith and due diligence in trying to bring the defendant before the court. *See, e.g., State v. Peterson*, 90 Wn.2d 423, 428, 585 P.2d 66 (1978). This exception to the application of *Striker* remains viable, notwithstanding that CrR 3.3 no longer contains former CrR 3.3(f). *Greenwood*, 120 Wn.2d at 600-

---

[4]*Carpenter* was decided on other grounds.

[5]Former CrR 3.3(f) provided for the suspension of the time limitations contained in sections (b) and (c) of the rule as then written, during periods when the defendant was "absent and thereby unavailable for trial."

01. As Cintron points out, courts have sometimes used the phrases "not amenable to process" and "absent and unavailable" interchangeably. *See, e.g., State v. Garcia,* 21 Wn. App. 58, 65-66, 583 P.2d 1253 (1978) (citing former CrR 3.3(f) in a case where defendant was not amenable to process while living and traveling outside state), *rev'd,* 92 Wn.2d 647, 600 P.2d 1010 (1979). From this, Cintron concludes that *Striker* applies even if the defendant resides out of state unless the prosecution exercises good faith and due diligence in trying to bring the defendant before the court—here, by sending a summons or other notification to the *actual* address in the prosecution's possession, rather than to a bastardized version thereof. Cintron also argues that *State v. Anderson,* 121 Wn.2d 852, 855 P.2d 671 (1993) dictates this result. We disagree.

In *Anderson,* the supreme court extended the good faith and due diligence requirement of *Peterson* via *Greenwood* to defendants who the State learns are held in out-of-state or federal prisons because the Interstate Agreement on Detainers, Ch. 9.100 RCW, provides a mechanism whereby prosecutors may promptly obtain the presence of such prisoners for trial. *Anderson,* 121 Wn.2d at 864. The prosecutor has no such mechanism or ability where the out-of-state defendant remains at large. Amenability to process refers to the authority or power of the State. No amount of diligence can provide Washington authorities the power or means to secure an out-of-state defendant's presence in Washington so long as the defendant remains at large.

Certainly, nothing prohibits prosecutors from providing at-large, out-of-state defendants with notice, in the hope that they will voluntarily appear for arraignment. Failure to make this effort does not alter the fact that such a defendant is not amenable to process, however, even if there is reason to believe that the defendant will voluntarily appear. *See State v. Hudson,* 79 Wn. App. 193, 900 P.2d 1130 (defendant, who had moved out of state, wrote to prosecutor in anticipation that charges would be filed stating he

would appear upon receiving a "subpoena"; prosecutor nevertheless failed to give any notice; held: *Striker* not applicable because defendant not amenable to process). It follows that an effort to give notice which fails, even if by reason of negligence in copying an out-of-state or foreign address, does not alter the fact that such a defendant is not amenable to process.

The trial court did not err in declining to apply *Striker*. Accordingly, we affirm.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

GROSSE and AGID, JJ., concur.

Review granted at 128 Wn.2d 1023 (1996).