921 P.2d 538 (1996)
130 Wash.2d 48
The STATE of Washington, Respondent,
v.
Thomas Merle HUDSON, Petitioner.
The STATE of Washington, Respondent,
v.
Pablo CINTRON-CARTEGENA, Petitioner.
No. 63445-9; 63611-7.
Supreme Court of Washington. En Banc.
Argued May 29, 1996.
Decided August 29, 1996.
*539 Nielsen & Acosta, Eric Nielsen, Seattle, for Hudson.
Mark V. Watanabe, Seattle, for Cintron-Cartegena.
Jim H. Krider, Snohomish County Prosecutor, Kenneth Schiffler, Deputy, Seth Aaron Fine, Deputy, Everett, Norm Maleng, King County Prosecutor, Lee D. Yates, Deputy, Brenda Bannon, Deputy, Seattle, for State.
GUY, Justice.
In each of these cases, the defendants were out of the state after they were charged with committing crimes in Washington. Each now argues that his right to a speedy trial under CrR 3.3 was violated. We conclude the defendants' rights were not violated and affirm the convictions.

HUDSON FACTS
Thomas Hudson was arrested in December 1989 for possession of a controlled substance with intent to manufacture or deliver. He was released when no charges were immediately filed and the matter remained under investigation. On June 29, 1990, before any charges were filed, the Snohomish County Prosecuting Attorney's Office received a letter from Hudson stating his name and giving his new address in Arizona and stating that upon receiving a "subpeona" [sic] for a court appearance, he would appear on the required date. Assuming that the writer of the letter was a witness because of the use of the word "subpeona," someone in the prosecutor's office returned the letter to Hudson with a request typed on the bottom of the letter which stated: "IN ORDER FOR OUR OFFICE TO ATTACH THIS TO A FILE, WE WILL NEED TO KNOW WHO THE DEFENDANT IS AND WHAT COURT THE *540 CASE IS IN. THANK YOU." Although Hudson received this response and saved it, he did not respond. Hudson had included an "event number" in his letter, but he did not indicate to what or whom it referred. The trial court found that the number was not a unique identifying number absent knowledge of the court in which it was filed or the police agency handling the case. The State conceded that if it had realized that Hudson was the suspect and had run Hudson's name through its case control computer system, Hudson's name would have appeared as a suspect in an uncharged case.
On August 15, 1990, the State filed charges and sent a summons to Hudson's last known address in Yelm, Washington. He did not appear for his arraignment and the court issued a warrant for his arrest. In 1992, Hudson was arrested in Arizona for a traffic violation and a warrant check showed the Washington arrest warrant. He was extradited, booked in Snohomish County jail on March 17, 1992 and arraigned the next day. The time between charging and arraignment was approximately 19 months. The defense filed a timely objection to the arraignment date.
The trial court found that Hudson's letter was not clear and that the State had acted promptly in requesting additional information. The court found that the State's request was reasonable and that Hudson could have responded. The court concluded that the State had acted in good faith and with due diligence and had not violated Hudson's right to a speedy arraignment. The trial court noted the State's alternative argument that Hudson was not amenable to process by summons while he was living in Arizona but based its decision on its finding of good faith and due diligence. At a bench trial, the court found Hudson guilty. Hudson appealed. He argued that the delay between the date charges were filed (August 15, 1990) and the date he was arraigned (March 18, 1992) violated his speedy trial rights under CrR 3.3.
The Court of Appeals affirmed the trial court's decision on the ground that Hudson was not amenable to process when he was living in Arizona. The Court concluded that where a defendant is not amenable to process and there is a substantial delay between the filing of the information and the arraignment, the period the defendant resided out of state is not calculated into the speedy trial period and the Striker[1] rule does not apply. State v. Hudson, 79 Wash.App. 193, 196, 900 P.2d 1130 (1995), review granted, 128 Wash.2d 1024, 913 P.2d 817 (1996). Hudson sought review of the Court of Appeals decision in this Court and the case was consolidated with State v. Cintron-Cartegena.

CINTRON-CARTEGENA FACTS
In late 1983, Pablo Cintron-Cartegena moved from Puerto Rico to Seattle where he resided for several months with some friends and their young children. He then returned to Puerto Rico. Seven years later one of the children disclosed the fact that Cintron-Cartegena had repeatedly sexually abused her. The child's parents reported the matter to the police and provided an address for Cintron-Cartegena in Puerto Rico. The State filed charges of statutory rape and indecent liberties on August 30, 1991. An arrest warrant was issued that same day. On September 3, 1991, the King County Prosecutor sent a letter to Cintron-Cartegena saying he had been scheduled to appear for arraignment in Seattle. That letter was addressed to an incomplete version of the Puerto Rican street address which had been provided to the police and was returned marked "Insufficient address."
In early 1993, Cintron-Cartegena was arrested in Florida and returned to Washington where he was arraigned on March 9, 1993. He objected to the arraignment date. The trial court ruled that although there was a substantial delay between the filing of the information and the arraignment, the Striker rule did not apply when the defendant was not amenable to process while he resided outside the State of Washington and that the delay between charging and arraignment was properly excluded from the CrR 3.3 speedy trial period. A jury convicted him of first degree statutory rape and indecent liberties.
*541 Cintron-Cartegena appealed his conviction to the Court of Appeals on a number of grounds.[2] The Court of Appeals affirmed the conviction. In the published portion of the opinion, the Court of Appeals held that since Cintron-Cartegena was not amenable to process while he was out of state and not in custody, the speedy trial rule, as interpreted in State v. Striker, 87 Wash.2d 870, 557 P.2d 847 (1976), excluded such periods of time for calculating the time for trial. State v. Cintron-Cartegena, 79 Wash.App. 600, 904 P.2d 781 (1995), review granted, 128 Wash.2d 1023, 913 P.2d 816 (1996). Cintron-Cartegena sought review of the speedy trial rule issue in his Petition for Review to this Court.
Neither defendant objects to the time period between arraignment and trial, but both Hudson and Cintron-Cartegena maintain that the delay between charging and arraignment violated the Striker rule and their right to a speedy trial under CrR 3.3.

ISSUE
For purposes of the speedy trial rule, CrR 3.3, does the State have a duty to bring a defendant before the court in Washington when the defendant is out of the state and not in custody?

ANALYSIS
The speedy trial rule, CrR 3.3, provides time limits within which criminal defendants must be brought to trial. The current version of the rule sets the time for trial calculation to begin when the defendant is arraigned. CrR 3.3(c)(1). Under the rule, a defendant who remains out of jail must be tried within 90 days after arraignment. A defendant who is not detained in jail "shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment." CrR 3.3(c)(1).
The rule does not set a maximum time limit between the date of charging and the first appearance in court for defendants who are not detained in jail. This gap in the speedy trial rule has been addressed by this Court. In Striker, we considered CrR 4.1[3] and CrR 3.3 and concluded that these rules do not authorize a long period of delay between the filing of a charge and the bringing of the defendant before the court when the defendant is "amenable to process." Striker, 87 Wash.2d at 871-72, 557 P.2d 847. Although Striker was decided under an older version of CrR 3.3, we held in State v. Greenwood, 120 Wash.2d 585, 593, 845 P.2d 971 (1993), that the Striker rule is still necessary under the current version of the rule because the amended rule still does not set a time period between charging and bringing the defendant before the court.
In Greenwood, we reaffirmed the Striker rule that CrR 3.3 could be violated if a long[4] and "unnecessary" delay occurs in initially bringing a defendant "who is amenable to process" before the court. Greenwood, 120 Wash.2d at 589, 591, 845 P.2d 971. If such a delay occurs, then the 90-day trial period is "deemed" to commence 14 days after the information is filed. Greenwood, 120 Wash.2d at 599, 845 P.2d 971; CrR 3.3(e); CrR 3.3(c)(4).
Because only an unnecessary delay triggers the Striker rule, periods during which the prosecution acts in good faith and *542 with due diligence in attempting to bring the defendant before the court are excluded from a defendant's time for trial calculation. Greenwood, 120 Wash.2d at 601, 604-05, 845 P.2d 971. Whether the State acted in good faith and with due diligence turns on the facts of each individual case. Greenwood, 120 Wash.2d at 601, 845 P.2d 971. Additionally, any delay caused by the defendant's fault or connivance is also excluded from the time for trial calculation. Greenwood, 120 Wash.2d at 600, 605, 845 P.2d 971; Striker, 87 Wash.2d at 872, 557 P.2d 847.
The question in the present case is whether the Striker requirement of due diligence applies with regard to a defendant who has left the state and is not incarcerated elsewhere. In Greenwood, we repeatedly emphasized that the Striker rule applies only when the defendant is "amenable to process." Greenwood, 120 Wash.2d at 589, 590, 591, 601, 845 P.2d 971. See also State v. Pacheco, 107 Wash.2d 59, 65, 726 P.2d 981 (1986) (when a defendant is amenable to process, the State must prove that it acted with good faith and due diligence to bring the defendant to trial after filing the information). In State v. Carpenter, 94 Wash.2d 690, 693, 619 P.2d 697 (1980), we held that the first question to determine whether Striker is applicable is whether the defendant was "amenable to process." We have explained that the term "amenable to process" refers to "whether a person is liable or subject to the law." Carpenter, 94 Wash.2d at 693, 619 P.2d 697. The question then is whether an accused who is out of state and not in custody is "amenable to process."
Once a person is charged with a crime, the court may either issue a warrant for arrest or issue a summons commanding the defendant to appear. CrR 2.2(a), (b). The authority and requirements for an arrest warrant or a summons in a state criminal proceeding are governed by CrR 2.2. 13 Royce A. Ferguson, Jr., Washington Practice § 2743, at 37 (1984). CrR 2.2(d)(1) provides that a "warrant shall be directed to all peace officers in the state and shall be executed only by a peace officer." CrR 2.2(d)(2) provides that a "summons may be served any place within the state." See also Ferguson, supra, §§ 2744, 2753, at 38, 46; 5 Am.Jur.2d Arrest §§ 34, 36 (1995) (normally, an arrest warrant itself is valid within the boundaries of the jurisdiction in which it was issued); 6A C.J.S. Arrest § 53(a) (1975); Street v. Cherba, 662 F.2d 1037, 1039 (4th Cir.1981); State v. Everett, 110 Ariz. 429, 520 P.2d 301, 303, cert. denied, 419 U.S. 880, 95 S.Ct. 144, 42 L.Ed.2d 120 (1974); State v. Lyrek, 385 N.W.2d 248, 250 (Iowa 1986). For purposes of CrR 3.3, an out-of-state defendant who is not in custody is not amenable to process in the usual sense of the term.
We agree with the Court of Appeals cases which have held that the Striker rule does not apply to the period of time when an accused is out of this state and not incarcreated. In State v. Lee, 48 Wash.App. 322, 325, 738 P.2d 1081 (1987), the court held that the Striker rule (setting a constructive arraignment date unless the state uses due diligence to obtain the presence of the defendant) only applies if the defendant is amenable to process after the information has been filed. Lee held that one is not amenable to process when, even if he can be found, he is not subject to the law because the courts cannot obtain jurisdiction over him. The Lee court recognized that another state may give effect to the provisions of the Uniform Criminal Extradition Act, but that Washington has no "power" over the out-of-state defendant until extradition procedures are completed. Lee therefore held that even though the State knew the defendant's Oregon address, the Striker rule did not apply. See also State v. Hunnel, 52 Wash.App. 380, 384, 760 P.2d 947 (1988) (defendant was not amenable to process during his absence from Washington).
The defendants ask this Court to extend the holding of State v. Anderson, 121 Wash.2d 852, 855 P.2d 671 (1993), and hold that the State has a duty to use due diligence to obtain custody of an out-of-state defendant even when he or she is not incarcerated. In Anderson, we considered one of the provisions of the speedy trial rule which defines periods of time which are excluded in computing the time for trial. CrR 3.3(g)(6) excludes from the speedy trial time limits any time during which a defendant is detained in jail or prison outside the state of Washington *543 or in federal prison. In Anderson, we concluded that this exclusion implicitly requires that the prosecuting attorney act in good faith and exercise due diligence in attempting to obtain a defendant's presence for trial in this state when the defendant is known to be detained in jail outside of the state. Anderson, 121 Wash.2d at 865, 855 P.2d 671.
While we did hold in Anderson that the State must use the Interstate Agreement on Detainers, RCW 9.100, we did not address the question of the State's burden to extradite an at-large defendant. The burden on the State to use the Agreement on Detainers differs significantly from use of the Uniform Criminal Extradition Act, RCW 10.88. The Agreement on Detainers provides a mechanism whereby prosecutors may promptly obtain the presence of a prisoner for trial. Anderson, 121 Wash.2d at 864, 855 P.2d 671. Neither location nor identification are normally problems in the use of the Agreement on Detainers, while the State points out that it is extremely cumbersome and inefficient to try to arrange for the extradition of an at-large defendant for whom the State often has no fingerprints, photographs or present location. The primary reason for our decision in Anderson was that if the State does not file a detainer, the incarcerated defendant has no possible way to return to the state for a timely trial. We decline to extend the Anderson ruling to cases in which the defendant is not in custody.
We recognize that a prosecutor of this state may seek extradition under the Uniform Criminal Extradition Act. However, since an out-of-state accused is not "amenable to process" in the usual sense of being amenable to arrest or summons by the state of Washington, we decline to impose a duty on the State in every case to attempt to extradite a defendant from another jurisdiction. We conclude the State does not have such a duty under CrR 3.3.
The defense asks this court to impose a duty on the State under CrR 3.3 to send a letter or notification of charges to an out-of-state defendant when the defendant's address is known. We decline to add such a requirement to CrR 3.3 but note that it would be a prudent practice for purposes of a constitutional speedy trial challenge. In the present cases, the defendants raise only rule challenges to this Court. The time for trial provisions of CrR 3.3 are procedural rules providing defendants with a right which is separate from the constitutional right to a speedy trial. Greenwood, 120 Wash.2d at 611, 845 P.2d 971 (citing State v. White, 94 Wash.2d 498, 501, 617 P.2d 998 (1980)). Whether the State had sent a notice to a defendant's known out-of-state address may be relevant to a constitutional speedy trial challenge.[5]

CONCLUSION
The speedy trial rule, CrR 3.3, does not establish a set number of days between charging and arraignment for a defendant who is not held in custody. The Striker/Greenwood rule which addresses that time period only applies when a defendant is amenable to process. A defendant is not amenable to process while absent from the state. Therefore, the Striker rule, which requires diligence in bringing a defendant before the court, does not apply to the periods of time while a defendant is out of state and not in custody. The periods of time while Hudson and Cintron-Cartegena were outside of the state of Washington were properly excluded from the time for trial calculation set by CrR 3.3. We therefore affirm the Court of Appeals in both cases.
DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] State v. Striker, 87 Wash.2d 870, 557 P.2d 847 (1976).
[2] Cintron-Cartegena raised four other issues to the Court of Appeals which he does not continue to raise to this Court. Those issues are decided in the unpublished portion of the Court of Appeals decision. Cintron-Cartegena raised a due process challenge to the Court of Appeals regarding the delay between the events giving rise to the charges and the filing of the charges. Based on the record at trial, the Court of Appeals found that there was no prejudice from the delay. The Court of Appeals also addressed the issue of violation of the constitutional right to speedy trial (in addition to the issue of speedy trial under the speedy trial rule, CrR 3.3) and found no such violation. The Court of Appeals also addressed an issue of ineffective assistance of counsel and an objection to the trial court's order of restitution. None of these issues was included in the Petition for Review to this Court and are not before this Court.
[3] CrR 4.1(a) provides that a defendant shall be "[p]romptly" arraigned after the charges are filed.
[4] A delay of 45 days after charging until the first appearance in court has been found to be sufficient to initially invoke consideration of Striker. Greenwood, 120 Wash.2d at 599, 845 P.2d 971.
[5] Four factors may be considered and balanced in determining if a defendant has been deprived of the constitutional right to a speedy trial: length of delay, reason for delay, defendant's assertion of the right, prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972); Doggett v. United States, 505 U.S. 647, 650-51, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992); see also State v. Fladebo, 113 Wash.2d 388, 393, 779 P.2d 707 (1989).