[No. 22424-4-III. Division Three. September 16, 2004.]

THE STATE OF WASHINGTON, *Appellant*, v. DALE ARNOLD HESSLER, *Respondent*.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for appellant.

*Nancy P. Collins* (of *Washington Appellate Project*), for respondent.

SWEENEY, J. — To trigger the requirement of due diligence by the State in bringing a criminal defendant before the court, the defendant must establish that he was amenable to process. In 2003 the State prosecuted Dale A. Hessler for first degree theft allegedly committed in 1996. The State filed a complaint in district court in 1998. Mr. Hessler lived in Minnesota from 1996 to 2002. He made no showing that he was amenable to process. The trial court nevertheless dismissed the prosecution, concluding that the State had failed to exercise due diligence to notify Mr. Hessler of the charge. We conclude he was not amenable to process and, accordingly, the State's due diligence obligation was never triggered. And we reverse the trial court's decision to the contrary.

## FACTS

In 1996, Mr. Hessler allegedly accepted $1,571.24 for a concrete job. He did not perform the work. He moved to Minnesota a few days later. In 1998, the State filed a complaint in the Spokane County District Court charging him with first degree theft. The court issued a warrant for his arrest. The State made no effort to contact Mr. Hessler to notify him of the complaint, even though its investigators had the telephone numbers of Mr. Hessler's mother and a friend.

Mr. Hessler was at liberty in Minnesota until 2000, when he served six months in jail on a conviction for incest. His

Minnesota lawyer contacted the Spokane County District Court about some outstanding traffic warrants. The court informed the lawyer about a couple of criminal warrants including the one at issue here. Mr. Hessler returned to Washington around September 2002.

The State arrested Mr. Hessler on June 29, 2003, and filed an information in the superior court on June 30. Mr. Hessler was arraigned July 10. And a trial date was set in August, well within 60 days, as required by CrR 3.3. On August 28, 2003, Mr. Hessler moved to dismiss under CrR 3.3. He alleged that the delay between the 1998 complaint and the 2003 arraignment was unnecessary and required dismissal.

Mr. Hessler charged the State with lack of good faith and due diligence in bringing him before the court. The State responded that no due diligence inquiry was called for until Mr. Hessler established that he had been amenable to process during the delay.

The court ruled that the State must first show that it exercised due diligence in an attempt to locate a defendant who has left the state without knowledge that a charge has been filed and to notify him of the charge; only then does the burden shift to the defendant to establish his amenability to process.

The court dismissed the prosecution based on the State's lack of effort to locate Mr. Hessler and notify him of the charge. The State appeals.

## DISCUSSION

■ The question presented is whether a criminal defendant must establish his amenability to process during a long delay between charging and arraignment *before* the State needs to show that it took reasonable steps to give notice that charges were filed. The trial court applies court rules to the facts to determine whether the trial deadline

has passed. Our review is de novo. *State v. Whelchel*, 97 Wn. App. 813, 817, 988 P.2d 20 (1999).

■ A criminal defendant must be arraigned within 14 days after the information is filed in the superior court. CrR 3.3(c)(1). Unless the defendant can be brought to trial within the time prescribed by CrR 3.3, the court has no discretion; it must dismiss the charge with prejudice. CrR 3.3(h); *State v. Swenson*, 150 Wn.2d 181, 186-87, 75 P.3d 513 (2003). A judge must compute a speedy trial period using a constructive arraignment date when a "long and unnecessary delay" occurs between the filing of a criminal charge and the appearance before the court of a defendant amenable to process. *State v. Greenwood*, 120 Wn.2d 585, 599, 845 P.2d 971 (1993); *State v. Striker*, 87 Wn.2d 870, 875, 557 P.2d 847 (1976).

The charge against Mr. Hessler was filed in 1998. He was arraigned in 2003. The delay was long, but the length of the delay between the charge and arraignment is important only if the defendant was amenable to process during the delay. *State v. Stewart*, 130 Wn.2d 351, 360, 922 P.2d 1356 (1996).

Here, the inquiry at the trial court proceeded as follows. First, the court asked whether any part of the delay was attributable to the fault or connivance of Mr. Hessler. Answer—no. The court then asked whether the State made any attempt to subject him to process. Again, no. Then the court asked whether Mr. Hessler would have been amenable to process if the State had attempted to locate him. Then, based on its determination that the defendant did not cause the delay and that the State made no effort to notify him of the charge, the court concluded that any further inquiry was hypothetical and irrelevant: "If any steps had been taken, it probably would have been determined that he had moved to Minnesota, and maybe he would have been amenable to process, and maybe he wouldn't have. But we don't know that." Report of Proceedings at 19.

The court asked the questions in the wrong order. The first question in a delayed arraignment inquiry is whether the defendant was amenable to process. Unless the defendant was amenable to process, the *Striker* rule is not implicated. The State has no obligation to show that it did anything. *Stewart*, 130 Wn.2d at 361. The defendant must first show he was amenable. *City of Seattle v. Guay*, 150 Wn.2d 288, 296, 76 P.3d 231 (2003).

 And a person in another state who is not incarcerated is not amenable to process. *State v. Hudson*, 130 Wn.2d 48, 55-56, 921 P.2d 538 (1996). This is so, even if the State knows where he is. *State v. Treat*, 109 Wn. App. 419, 425, 35 P.3d 1192 (2001) (citing *Stewart*, 130 Wn.2d at 361). Due diligence requires the State to act on any leads it has regarding the whereabouts of a defendant who is amenable to process. *State v. Vailencour*, 81 Wn. App. 372, 376, 914 P.2d 767 (1996) (citing *Greenwood*, 120 Wn.2d at 602). The State is not required, however, to notify a person outside Washington that a charge has been filed—again, even if the person's address is known. *Hudson*, 130 Wn.2d at 57. Until and unless the defendant establishes his amenability to process, the question of good faith and due diligence by the State does not arise. *Stewart*, 130 Wn.2d at 363.

Accordingly, we reverse the order of dismissal.

KATO, C.J., and KURTZ, J., concur.

Reconsideration denied October 15, 2004.