[No. 76295-3. En Banc.]
Considered October 6, 2005. Decided October 13, 2005.

THE STATE OF WASHINGTON, *Respondent*, v. DALE ARNOLD HESSLER, *Petitioner*.

*Nancy P. Collins* (of *Washington Appellate Project*), for petitioner.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

¶1 PER CURIAM — Dale Hessler was charged with first degree theft. He moved to dismiss the charge under former CrR 3.3, arguing that he had not been timely brought to court. The superior court granted the motion and dismissed the charge, but the Court of Appeals reversed. *State v. Hessler*, 123 Wn. App. 200, 98 P.3d 64 (2004). This court granted review. We affirm the Court of Appeals reversal of the dismissal order but remand for further proceedings on Hessler's motion to dismiss.

¶2 In January 1998, the State charged Hessler in Spokane County District Court with first degree theft based on an incident that occurred in 1996. The court issued a warrant for Hessler's arrest. By then, he was living in Minnesota, where he had family. The State did not try to contact him. In 2000, while still in Minnesota, Hessler was incarcerated for six months on an unrelated matter. That same year, his Minnesota attorney contacted the Spokane County District Court to try to resolve an outstanding traffic offense so that Hessler's Minnesota driving privileges could be reinstated. The court responded that, in addition to the traffic charge, Hessler had outstanding warrants for hit and run and the theft charge.

¶3 Hessler evidently returned to Spokane around September 2002, staying with friends. Police arrested him on June 29, 2003, and the next day the State filed an information in superior court recharging him with first degree theft. He was arraigned on July 10, and trial was scheduled within 60 days. Before trial, Hessler moved to dismiss the charge, arguing his rule-based speedy trial rights were violated by the long delay between the initial charge and his first court appearance. The trial court granted the motion, finding that the State failed to exercise due dili-

gence in securing Hessler's presence in court after it filed the original charge.

¶4 In reversing the dismissal order, the Court of Appeals held that the trial court erred in not first requiring Hessler to show that he was amenable to process during the period of delay. And concluding that Hessler was not amenable to process because he was out of state, the court determined that the State's duty to exercise due diligence was never triggered. *Hessler*, 123 Wn. App. at 201.

██ ██ ¶5 The court was correct in its basic legal analysis. Under the speedy trial rules applicable to this case, a defendant not detained in jail must be arraigned within 14 days after his first appearance in court following the filing of the charge. Former CrR 3.3(c)(1) (2001). The date of arraignment in turn determines the date by which the trial must be held (within 60 days for persons detained in jail; 90 days otherwise). But because the applicable rules fail to address the consequences of long delay between the filing of the charge and the arraignment or first court appearance, this court has filled the gap through case law. Specifically, under the *Striker*[1] rule, when a defendant is amenable to process and there is a long delay between the filing of the charge and the first court appearance, through no fault or connivance of the defendant, the 60- or 90-day period within which the trial must be held commences on the "constructive arraignment date," which occurs 14 days after the charge was filed. *State v. Stewart*, 130 Wn.2d 351, 360, 922 P.2d 1356 (1996). But because this rule applies only to unnecessary delays, periods during which the State acts in good faith and with due diligence in attempting to bring the defendant to court are excluded from the time for trial calculation. *State v. Hudson*, 130 Wn.2d 48, 54, 921 P.2d 538 (1996). In a motion to dismiss for unnecessary delay, the defendant bears the initial burden of showing he was amenable to process. *City of Seattle v. Guay*, 150 Wn.2d 288, 296, 76 P.3d 231 (2003).

---

[1] *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976).

¶6 Here, the trial court determined that the State did not diligently try to secure Hessler's presence in court, and thus his "constructive arraignment date" fell on the 14th day after the charge was first filed in January 1998. But as the Court of Appeals correctly held, the *threshold* question is whether Hessler was amenable to process during the period of delay. *See Stewart*, 130 Wn.2d at 360. If he was not, the *Striker* rule does not apply and it is unnecessary to inquire into whether the State exercised good faith and due diligence. *Id.* at 361, 363-64. Applying these principles, the court properly determined that the trial court erred in not determining whether Hessler was amenable to process before requiring the State to prove due diligence. And it rightly observed that Hessler, while out-of-state and not incarcerated, was not "amenable to process" within the meaning of the *Striker* rule. *See Stewart*, 130 Wn.2d at 362; *Hudson*, 130 Wn.2d at 55-56.

██ ██ ¶7 But the court appears to have reversed the dismissal order outright, with no remand for further proceedings on the motion to dismiss, concluding that "the State's due diligence obligation was never triggered." *Hessler*, 123 Wn. App. at 201, 204. The court itself noted, however, that Hessler apparently had returned to Washington around September 2002. Hessler therefore may have been "amenable to process" well before he was brought to court in July 2003. *See Guay*, 150 Wn.2d at 296 (defendant within state is amenable to process). And that may be so even though he was in Minnesota during part of the period of delay. *See State v. Hunnel*, 52 Wn. App. 380, 384-86, 760 P.2d 947 (1988) (defendant lived in Oregon when charge was filed and returned to Washington six months later; he was amenable to process upon return, and State failed to act diligently in not arresting him for 11 months). Thus, issues of fact remain as to when Hessler became amenable to process and whether the State acted with due diligence thereafter.

¶8 Accordingly, the Court of Appeals decision reversing the order of dismissal is affirmed, but the matter is re-

manded to the superior court for further proceedings on Hessler's motion to dismiss.